BEFORE THE SECOND DIVISION, OCTOBER 30, 1958

**No. 62415.**—C. F. Liebert *v.* United States, protest 312701–K (Seattle).

FORD, Judge: The merchandise covered by the above suit was invoiced as "Palmia Mink Food Grinders," and was classified by the collector of customs as "Machines, n. s. p. f., other," under paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T. D. 54108, and assessed with duty at 13 per centum ad valorem.

Plaintiff claims the merchandise to be properly free of duty under the provisions of paragraph 1604 of the Tariff Act of 1930, the pertinent part of which is as follows:

Agricultural implements: * * * and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided,* That no article specified by name in Title I shall be free of duty under this paragraph.

This case involves a retrial of the question presented and decided in *C. F. Liebert* v. *United States,* 39 Cust. Ct. 370, Abstract 61051. The record in that case has been admitted in evidence as part of the record herein, and the testimony of an additional witness was presented by plaintiff in an effort to establish that the imported merchandise was chiefly used by mink farmers in an agricultural pursuit. The decision and judgment in the incorporated case were for the defendant, since the chief use of the involved merchandise had not been satisfactorily established.

The witness in the incorporated case testified that he was plant superintendent of the Northwest Fur Breeders' Cooperative Association, which association prepares food for mink breeders throughout the States of Washington, Oregon, Idaho, Montana, Utah, and Colorado; that the association has approximately 200 members in these states; that they have imported about 15 of the involved machines, the majority of which were sold in Washington, 2 in Oregon, and 1 in Montana; that he knew the farmers who bought them; and that all of the machines imported by the association were used by mink farmers to grind fish to be fed to mink.

In the case at bar, the exporter testified that he is a mink rancher in Canada and has raised mink for 10 years; that he is a member of the British Columbia Lower Mainland Fur Breeders' Association and the Canadian Mink Breeders' Association; that he has traveled in Canada and the United States in the mink-raising areas; that the heaviest mink-raising areas in the United States are in Wisconsin, Illinois, Washington, and Oregon; and that he had visited at least 24 to 30 mink ranches in the United States.

The witness then testified that he imports the grinders into Canada and puts hoppers and stands on them before sale to mink ranchers in Canada and the United States; that he has sold 200 of these machines, approximately half to ranchers in the United States; that he has always sold them to mink farmers who grind their feed, which is fed directly to the mink; and that he has not been able to find any use for the grinders other than the preparation of mink food.

The operation of the grinder does not appear to be in dispute. The machine, by use of a worm, forces the food through the knives and blades and the fish is thereby ground, similar to a meat grinder used in the home, only much larger. Defendant's illustrative exhibit A, a circular issued by the exporter, containing a picture of the machine and its working parts, was received in evidence. Defendant's collective exhibit B, a letter written to the United States appraiser of merchandise at Blaine, Wash., by the exporter in January 1952, explains the operation and function of the various models. The witness testified that the model before the court was the Palmia No. 1 model; that he had not sold any of the grinders, the same as those before the court, to fish-meal manufacturers; and that the literature sent in 1952 was just an indication of what he had hoped might be done with the article.

The raising, feeding, and caring for animals has been held to fall within the term "agriculture." *United States* v. *Irwin & Co.*, 7 Ct. Cust. Appls. 360, T. D. 36906; *Tower & Sons* v. *United States*, 9 Ct. Cust. Appls. 307, T. D. 38239. To entitle an implement to enter free of duty under the provision for agricultural implements, it must be established that it is chiefly used for agricultural purposes. In the *Tower* case, *supra*, certain ensilage cutters, used to cut corn into small pieces and simultaneously blow it into corn silos for storage until required as food for cattle, were held by the appellate court to be agricultural implements within the purview of paragraph 391 of the Tariff Act of 1913, predecessor of paragraph 1604, Tariff Act of 1930, involved herein.

In the instant case, the testimony establishes that the grinders involved herein are used exclusively by mink farmers in the preparation of feed for the mink bred by them. It having been established that the grinders are chiefly used for such purpose, plaintiff has sustained the burden of proof, and the merchandise is entitled to entry free of duty under paragraph 1604, *supra*, as claimed by plaintiff.

Judgment will be rendered accordingly.